Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO DISMISS FEDERAL CAUSES OF ACTION AND REMAND ACTION TO STATE COURT [49]**

**I.
PROCEDURAL BACKGROUND**

On February 23, 2016, Plaintiff Christopher Jaramillo filed the operative Complaint against, as relevant here, Defendant City of Los Angeles ("the City").[1] [Doc. # 1.] On June 3, 2016, the City filed its Answer. [Doc. # 14.] Thereafter, Jaramillo sought leave to file an amended complaint [Doc. # 35], which the Court denied on March 24, 2017 [Doc. # 46].

Now before the Court is Jaramillo's motion to voluntarily dismiss his federal causes of action under Federal Rule of Civil Procedure 41(a)(2), for leave to file a first amended complaint, and for remand of the remaining state law causes of action to state court (the "Motion). [Doc. # 49.] Defendants only oppose Jaramillo's request for remand. Opposition at 2 [Doc. # 50].

**II.
DISCUSSION**

**A.    Rule 41(a)(2) Dismissal**

Under Federal Rule of Civil Procedure 41(a)(2), the court may dismiss claims at the plaintiff's request "on terms that the court considers proper." When ruling on such a motion, "the district court must determine whether the defendant will suffer some plain legal prejudice,"—*i.e.*, prejudice to a legal claim, argument, or interest—"as a result of the dismissal." *Zanowick v. Baxter healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (quoting *Westlands*

---

[1] The Court dismissed the action without prejudice as to originally named Defendant Los Angeles Police Department under Federal Rule of Civil Procedure 4(m) for failure to prosecute. [Doc. # 15.]

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-1227 DMG (AFMx)** | Date | June 29, 2017 |
|---|---|---|---|
| Title | *Christopher Jaramillo v. City of Los Angeles, et al.* | Page | 2 of 3 |

*Water Dist. V. United States*, 100 F.3d 94, 96–9 (9th Cir. 1996)). Legal prejudice does not result "when the dismissal may cause [the] defendant to incur substantial expense in preparing for trial." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

Here, the City does not oppose the dismissal of the federal claims or assert any prejudice that would result from such dismissal. The Court thus concludes that dismissal is proper under Rule 41(a)(2), and **GRANTS** the Motion insofar as it seeks dismissal of the federal causes of action.

**B.     Supplemental Jurisdiction**

Because Jaramillo has abandoned his federal claims, federal question subject matter jurisdiction no longer exists in this case. *See* 28 U.S.C. §§ 1331. Therefore, the Court must determine whether to exercise supplemental jurisdiction over the remaining state law claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

In considering whether to exercise supplemental jurisdiction, a court should weigh factors such as "judicial economy, convenience, fairness, and comity," which, "[i]n the usual case in which all federal-law claims are eliminated before trial . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Although the parties have engaged in discovery in this matter, the Court has not expended significant time addressing the state law claims. Indeed, the case has not progressed much beyond the pleading stage—the City filed its Answer about one year ago and no substantive motion practice has occurred in the action. Accordingly, in the interests of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Jaramillo's remaining state law claims under 28 U.S.C. § 1367(c)(3).

As this action was initiated in federal court and there is no other basis for subject matter jurisdiction, dismissal is necessary. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court."). The Court thus construes Jaramillo's motion to remand as one to dismiss the action in the alternative. *See Guidry v. Golden Gate Nat'l Parks Conservancy*, No. 12-cv-05639-JSC, 2014 WL 5395793, at *1–2 (N.D. Cal. Oct. 22, 2014); Reply at 2 ("Plaintiff is requesting that the court dismiss without prejudice the entire action pursuant to 28 U.S.C. 1367(d).") [Doc. # 51].

Because the Court dismisses the action, it **DENIES** as moot the Motion insofar as it seeks leave to amend.

### III.
### CONCLUSION

In light of the foregoing, Jaramillo's Motion to dismiss the federal causes of action is **GRANTED**, the Motion to dismiss the remaining state law claims is **GRANTED**, and the Motion for leave to file an amended complaint is **DENIED** as moot. The action is thus **DISMISSED without prejudice**. Jaramillo shall continue to abide by the terms of the protective order filed in this action. All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED.**